### AMOUNT OF RECOVERY UNDER AN APPEAL BOND.

Common Pleas Court of Licking County.

WILLIAM D. HAMILTON v. THE BALTIMORE & OHIO RAILROAD
COMPANY ET AL.

Decided, 1910.

*Modification of Judgment on Appeal—Calculation of the Amount Due
Under the New Finding—Interest on the Modified Judgment—Re-
covery of Costs.*

1. A judgment which has been modified by a reviewing court draws
   interest on the amount found due as modified from the date of the
   entry of the original judgment.
2. The obligee under an appeal bond which covers costs is entitled to
   recover judgment for the full amount of costs incurred without
   having first paid said costs himself.

*Carl Norpell*, for plaintiff.
*Kibler & Kibler*, contra.

WICKHAM, J. (orally).

This is an action brought upon a bond; a jury is waived and
the cause is submitted to the court upon the pleadings and the
evidence.

The petition says that at a term of the Court of Common Pleas
of Licking County, Ohio, begun on the 12th day of September,
1892, in a certain civil action then therein pending, in which one

James H. Smith, who sued for himself and others, creditors of the Newark, Somerset & Straitsville Railroad Company, was plaintiff, and the Newark, Somerset & Straitsville Railroad Company and the Baltimore & Ohio Railroad Company, this plaintiff, and others, were defendants, he, this plaintiff, by the consideration of said court, recovered a judgment against the Baltimore & Ohio Railroad Company for the sum of $23,107.66; that therefore the said, the Baltimore & Ohio Railroad Company, at the same term of said court, caused notice of its intention to appeal from said judgment to the circuit court to be entered upon the journal of said court of common pleas; and on the 16th day of November, 1892, the Baltimore & Ohio Railroad Company and the other defendants in this case, its sureties, in order to perfect said appeal, gave to this plaintiff an undertaking, as follows:

"Know All Men By These Presents, that the B. & O. Ry. Co., and Orland Smith, John C. Larwill, David Lee, Charles H. Kibler, J. H. Collins, are held and firmly bound unto Wm. D. Hamilton in the penal sum of $46,215.32, the payment of which, well and truly to be made, the said B. & O. Ry. Co. and the above named obligors do hereby jointly and severally bind itself and ourselves, our heirs, executors and administrators. Signed by us and dated this seventh day of November A. D. 1892.

"The condition of the above obligation is such that whereas the said B. & O. Ry. Co. has taken an appeal from a certain decree or judgment rendered against it in the above entitled action in favor of the said W. D. Hamilton in the court of common pleas within and for the county of Licking in the state of Ohio, at the September term thereof, A. D. 1892, for the sum of $23,107.66, to the circuit court within and for the county aforesaid. Now, if the said B. & O. Co. shall abide and perform the order and judgment of said circuit court, and shall pay all moneys, costs and damages which may be required of or awarded against it by said circuit court, then this obligation to be void; otherwise to remain in full force and virtue in law."

(Signed by all of the defendants herein. Approved by the clerk of court of common pleas, November 16, 1892.)

The petition further alleges that this undertaking was filed in the court of common pleas, and that afterwards such proceedings were had in said circuit court in said action that, at its term beginning the 23d day of October, 1894, it was con-

sidered and ordered by said court that the said the Baltimore & Ohio Railroad Company should pay to the plaintiff herein the . sum of $33,404.84, to bear interest from the 23d day of October, 1894, at the rate of seven per cent. per annum, and should pay the sum of $1,832.27 on the costs of suit in said action. That afterwards, the Baltimore & Ohio Railroad Company filed its petition in error in the Supreme Court of this state against the plaintiff herein and others, to reverse said judgment, on which such proceedings were had that, by the order of that court, the judgment of the circuit court was modified to the effect following, to-wit:

That whereas the circuit court in its said judgment included the sum of $25,897.81 in respect of certain shares of stock in excess of 4,002 shares, the Supreme Court adjudged the shares in excess of 4,002 ought not to have been included, and that the amount adjudged to the plaintiff herein by the circuit court in excess of that was erroneous, and the same was by the Supreme Court modified by reducing this plaintiff's recovery to the sum of $7,510.03 and in all other respects the judgment of the circuit court was affirmed, and it so remains in full force.

That on the 12th day of September, 1896, the receivers of the Baltimore & Ohio Railroad Company paid to this plaintiff the sum of $6,842.29 upon said judgment, and no other or further sum has been paid thereon, and there still remains due and unpaid the sum of $1,660.08, with interest thereon from said twelfth day of September, 1896, at the rate of seven per cent. per annum, and also the said sum of $1,832.27 for costs. That the Baltimore & Ohio Railroad Company is a foreign corporation, organized under the laws of the state of Maryland; is, and was at the time this suit was commenced, insolvent, and all of its property and business in the hands of receivers appointed by the courts of the United States for the states of Maryland, Ohio and others, and service of summons can not be had on it herein; that said Orland Smith is, and was at the time this suit was commenced, a non-resident of and absent from the state of Ohio, and service of summons can not be had on him in this suit in this state.

The plaintiff says that in the manner aforesaid the Baltimore & Ohio Railroad Company has not abided or performed the said judgment of said circuit court, nor paid the moneys and costs awarded against it by that court, and he asks judgment against defendants for the moneys and costs remaining unpaid as aforesaid.

The defendants, for answer to the plaintiff's petition, says that the judgment referred to in said petition as having been rendered on the 23d day of October, 1894, by the Circuit Court of Licking County, Ohio, for $23,484.84, was not due and payable at the date of its rendition and only became due and payable on the date that the proper amount of said judgment was fixed by the Supreme Court of Ohio, as stated in said petition, and the amount, to-wit, $6,842.29, paid by the said, the Baltimore & Ohio Railroad Company, on the date stated in said petition, was the exact amount then due to the said plaintiff from the said, the Baltimore & Ohio Railroad Company upon said judgment. And further the defendants say that the plaintiff is not entitled to recover in this suit any of the costs adjudged against the Baltimore & Ohio Railroad Company by the judgment of the circuit court, except such as he, the plaintiff, has paid, and that the plaintiff has paid no part of said sum of $1,832.27.

Two questions are made by the pleadings in this case which we are called upon to decide.

1st.    What is the correct calculation of the amount due the plaintiff from the Baltimore & Ohio Railroad Company after the modification of the judgment against it by the Supreme Court?

2d.    Is the plaintiff entitled to recover the costs in the former suit without first having paid them himself?

Upon the first question, we have in evidence the mandate of the Supreme Court in the case in that court of *the Baltimore & Ohio Railroad Company* v. *James H. Smith and others,* which, omitting certain portions, is as follows:

"This cause came on to be heard upon the transcript of the record of the Circuit Court of Licking County, and was argued by counsel. On consideration whereof, and this court being of the opinion that the assessment made against the plaintiff in error on the 13,450 shares of the stock of the Newark, Somerset

& Straitsville Railroad Company which, by the former judgment of the circuit court was found and determined to be owned by Drexel, Morgan & Co., was erroneous and unauthorized, and that the judgment against the plaintiff in error is valid only to the amount assessed and adjudged against it on the 4,002 shares of stock of which it was found to be the owner by said former judgment of the circuit court, and for the costs adjudged against the plaintiff in error, and should stand for that amount and no more; it is ordered and adjudged by this court that the judgment rendered against the plaintiff in error (except for costs), be and the same is hereby modified by deducting from the same the amount assessed against it on said 13,450 shares of stock, leaving the judgment in force for the amount assessed on said 4,002 shares and no more, and for the costs as adjudged; and said judgment of the circuit court as so modified is affirmed. And it is further considered and adjudged that the plaintiff in error pay one-half of the costs in this court, and the defendant in error the other half, and that the costs in the court below be paid as therein adjudged.''

At this point, I desire to call the attention of counsel to what appears to be a discrepancy between the record of the case in the circuit court and the mandate of the Supreme Court. The Supreme Court found that the Baltimore & Ohio Railroad Company was the owner of 4,002 shares only, and upon which it should be assessed; but they also found that there were 13,450 shares of stock not owned by the Baltimore & Ohio Railroad Company, but of which the circuit court found it to be the owner. It will be seen that the total number of shares as made by the mandate of the Supreme Court would be 17,452 shares. The circuit court found the B. & O. R. R. Co. was the owner of 17,801 shares. This would make a difference, or discrepancy, of 349 shares. But without regard to this difference, the Supreme Court found that the Baltimore & Ohio Railroad Company was the owner of 4,002 shares upon which it should be assessed, and no more.

To find the amount the railroad company should have been assessed by the circuit court as corrected by the Supreme Court, we divide the whole amount of the indebtedness found by the circuit court, which was $33,404.84 by the number of shares found by the circuit court to be owned by the railroad company, which was 17,801, and this will give the rate of assessment per share

on the stock owned by the railroad company, and this rate is $1.87657. If we multiply the number of shares owned by the railroad company, as found by the Supreme Court, by the rate per share of assessment, it will give us the amount for which the circuit court should have rendered a judgment. This result we find to be $7,510.03, or by proportion, as 17,801 shares, as found by the circuit court, is to 4,002 shares, as found by the Supreme Court, so is the amount of the judgment by the circuit court, $33,404.84, to what the Supreme Court found the judgment of the circuit court ought to have been; and this gives the same result, to-wit, $7,510.03.

Counsel for defendants have submitted to the court a paper which purports to contain their calculation of the amount of the plaintiff's judgment against the railroad company. The paper submitted states the result of their calculation, without giving the method by which it was obtained, and we are compelled to confess that we have been unable to determine how the result was obtained.

We therefore find that the judgment of the circuit court on the number of shares the Supreme Court found the railroad company actually owned to be $7,510.03. Of this judgment there was paid by the railroad company, September 12th, 1896, $6,842.29.

Counsel for defendants contend that interest ought not to be computed upon this judgment from the time it was rendered by the circuit court until it was modified by the Supreme Court; but we think this case is analagous to one in which an excessive judgment has been rendered through mistake or error in the calculation or the like. The reviewing court in such a case will remit the amount of the excess, and confirm the judgment for the correct amount due, with interest. It might also be compared to a case where an aggregate judgment has been rendered on two separate demands. Error is prosecuted by the losing party, and, on review, the court find that the judgment below is erroneous as to one of the demands and correct as to the other. Would not the appellate court remit the amount they find to be erroneous and excessive, and confirm the judgment as to the residue, with interest from the date of its rendition below? We think that would be a reasonable rule, for the judgment debtor has had the

use of the money that belongs to the judgment creditor, and he ough to pay what that use is reasonably worth.

Therefore, we compute interest on $7,510.03 at seven per cent. from the date of the rendition of the judgment in the circuit court, October 23d, 1894, until the payment by the railroad company, September 12th, 1896, which amounts to $991.53. This added to the amount of the judgment would make a total of $8,-501.56. Deduct the amount of the payment by the railroad company, $6,842.29, and it leaves a balance due of $1,659.27, which amount we find to be due the plaintiff from the defendants, with interest at seven per cent. from September 12th, 1896, to the first day of this term of court. The interest on $1,659.27 at seven per cent. for that time (two years and seven days) will amount to $234.55. Add the principal, $1,659.27, and we have the total amount due the first day of this term of $1,893.82.

The next question in the case is whether the plaintiff is entitled to recover the amount of costs, without first having paid them himself.

The obligors of the bond in suit bound themselves unto William D. Hamilton to answer for the default of the Baltimore & Ohio Railroad Company in the payment of all moneys and costs which might be required of or awarded against it by the circuit court. The railroad company has made default in the payment of costs awarded against it. This is not disputed, but it is contended for the obligors that they became bound to Hamilton only to the extent that he has suffered loss on account of the default of the company. That is not the language of the bond, nor can its words be so construed. It reads:

"Now, if the said B. & O. Co. shall abide and perform the order and judgment of said circuit court and shall pay all moneys, costs and damages which may be required of or awarded against it by said circuit court, then this obligation to be void, otherwise to remain in full force and virtue in law."

The obligors bound themselves to pay Hamilton the amount for which the railroad company made default. That was the intention of the parties, and the purpose of the bond. If counsel for defendants are right in their contention, then there is no security for the payment of costs made by the railroad company,

for the obligors are bound to Hamilton, and the officers and witnesses and all to whom fees are due would lose them unless each person severally brings suit against the railroad company, and be able to recover a judgment and make his fees in that way. That would require a multiplicity of suits, which it is the policy of the law to discourage.

The obligee of such bond I think is entitled to recover the full amount of the judgment for costs, without first having paid them himself. He recovers not only for himself personally, but also as a kind of trustee for all others to whom costs are due. It should be considered that the bond was executed in part for their use, and should enure to their benefit. We have a right to look to the purposes of the statute under which the bond was given, the state of the case in which it was given, the object for which it was authorized, and the surrounding circumstances, to ascertain the legal effect of the bond. *Ins. Co.* v. *Hayes,* 17 O. S., 432; *Alber* v. *Froelich,* 39 O. S., 249.

The amount due on costs added to the amount due on the judgment, makes a total of $3,726.09, for which a judgment may be entered, with interest from the first day of this term of court.